WALTER, District Judge,
with whom WIENER, Circuit Judge,
joins concurring:
I agree with the majority opinion in every respect.
Everyone is familiar with the situation on the border, where, in order to avoid sinking in the floodtide of cases like these, overworked District Judges at the border are forced to handle guilty pleas in groups of up to ten disparate defendants at a time. *172 This judge has experienced the problem first hand on visits to help out on the border. My sympathies are with all of the participants. There appears no end to the Tsunami that threatens to overwhelm the judiciary along the Texas border. Congress appears indifferent to the cries for additional Judges, Assistant United States Attorneys and Public Defenders. Until some relief is provided, there appears no alternative to the procedures adopted by the Judges of the border districts. Recognizing this, I believe that the United States Attorney, and, to a lesser degree, the Public Defender have an obligation to the Court to help the Judiciary dot i’s and cross t’s in order to comply with the requirements of Rule 11. This is not a game of “gotcha” where the Public Defender can or should, let something like this go by without calling the Court’s attention to the omission. The United States Attorney has a far greater obligation to listen to the plea colloquy, and aid the Judge in keeping some order in the chaos of multiple pleas. Every participant has an interest in handling these cases as expeditiously and efficiently as the law allows.
In continuing to write, I do not denigrate the importance of Rule 11, nor the rights of the defendant to an informed plea. But, if ever there was harmless error, this is one and I feel that the resources of the Public Defender’s office could have been better spent with a little more thought.
I reason thus:
1. the district court erred in not telling the defendant of the maximum sentence.
2. as a result, the defendant was sentenced to the absolute minimum (he got three points off for acceptance of responsibility) under the guidelines and there existed no reasons for departure.
3. the public defender should have advised the defendant of the error and told him of his right to appeal as follows:
a. “The trial court made an error in not advising you of the maximum penalty, but as you know, I explained the maximum penalty in our early discussions. Despite that, you have a right to appeal, but my best judgment is that under Johnson[1], this will be harmless error and the conviction will be affirmed. We should not waste resources appealing. Please sign this release acknowledging that I advised you of this and that you agree.”
b. “if you insist upon appealing, as is your right, here are the possible scenarios:
1) I am right and the case will be affirmed, or,
2) the appeals court will reverse and remand at which time:
a) you may withdraw your plea, we will have a trial and you will be convicted, because the evidence against you is overwhelming. You will lose the three points for acceptance of responsibility and you will go to jail for longer, or,
b) you will reenter your plea of guilty and get exactly the same sentence and we will have used all these resources and accomplished nothing.
I strongly urge you not to appeal and if you insist upon the appeal, as is your right, I will do so, but I will do so under Anders[2].”

. United States v. Johnson, 1 F.3d 296

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)